May it please the court, good morning. I'm Jeffrey Nadel for the petitioner Dandino, Inc. Dandino, Inc. filed a fictitious business name and added a name to the corporation. That name is Winston. As that name was added, the Federal Department of Transportation and the Federal Motor Carrier Safety Administration realized that the name of their licensed carrier, the name of Dandino, is now Dandino, DBA, Winston. The insurance certificate on file with the Department of Transportation only said Dandino. It did not say Dandino, DBA, Winston simultaneously as the fictitious business name was submitted. The Department of Transportation changed the status from having active operating authority to having inactive operating authority. Let me just stop you for a second. Getting past the timeliness issue for a moment and getting to the merits, according to what I see in the record SCR 8, once this insurance matter was discovered, they sent an email, not email, a letter to Mr. Dandino, but your name, and you said, in terms of this decision, shall result in revocation of his operating rights registration effective 30 days from the service date of this decision. So he had 30 days from the date of the receipt to straighten out insurance. So that's really easy to do, is it not? My understanding is he didn't have any insurance. Which is it? He had insurance that was wrongly, there was a wrong designation of the beneficiary or there was no insurance. Which is it? There was insurance. The insurance certificate did not include the fictitious business name. That's the only problem. Yes. But there was insurance. There was insurance and that was with the... Where's that in the record? In the reply to the notice of claim. And where is that in the record? That was in the excerpts. I know, but where in the record is the evidence that there was a response, timely response to the agency with the proof of insurance? Well, that was in the excerpt of appeal by Appellant. That doesn't help you. We need to know when you notified the DOT and what is said. So cite to us in the record. We're based on the record here. We need to know where in the record it indicates that there is insurance, proof of insurance and secondly, what the response was as Judge Rosenthal said. It would have been, unfortunately, through Western Truck Insurance Services item page 23 of the excerpt of appeal submitted by the Appellant. And what is that exactly? And that is notice made that the office... I'm essentially reading excerpts from the excerpt of appeal page 23 that the cargo insurer reissued a filing to show just a name, a change of name, but the liability insurer did not reissue the filing. So the insurance agent or broker that was retained by the carrier resubmitted. Nonetheless, this deals only with a fictitious business, not a corporation. Excuse me. Sure. Help me out here. You're providing evidence of insurance to the DOT and where is that shown in the record? Whether or not there was a fictitious business, that's really easily correctable. But whether you had insurance or not is another matter. And what they found was you didn't have insurance. So show me where in the record you provided evidence that you were insured. Well, page 23, which is... That's an excerpt of appeal. It's correspondence. It also was in the response to the notice of claim. The correspondence, that shows that there was insurance between 8-16-2010. No, no. You had to supply within 30 days proof of insurance. Is this within 30 days or is it after the fact establishing no pro tonque that there was insurance that was in place during the period? Is that what we're arguing about? Sadly, I think the insurance correspondence was non pro tonque. It was after 30 days the Department of Transportation had learned. Right. And at that point, they did restore the authority, but the problem is that in the intervening period, your client had carried a load. Yes, but the insurance... Then there was insurance at all times. I believe it's analogous to a divorcee going to the Department of Motor Vehicles and saying, I want my restored name. Look, I have a court order changing my name, but the insurance certificate wasn't valid. Doesn't match the new driver's license. It shows an old name. But during that 30-day period between the notice of you got a problem and when the notice... When the consequences described in that notice took place, that is registration suspended, there was no response made explaining the problem and explaining that there was in fact insurance applicable to the carrier throughout. And the agency therefore at the end of the 30-day period revoked your client's operating authority. Revoked operating authority, not registration. And again, the U.S. Department of Transportation has a website and it has a series of records. Motor carriers are required to keep motor vehicle records, driver qualification, and insurance records. And on the website, it shows where there's insurance, what the insurance policy number is, the carrier. Dandino Inc., a corporation, had insurance throughout. However, the insurance certificate just didn't include a fictitious business name. But the problem is that once the operating authority was revoked, your client then carried a load from California to Texas. And that is what got it into trouble for operating without registration. Well, then let's talk... Isn't that the agency's position? That's operating authority. And let's talk Code of Federal Regulation 387.7. They should have had insurance. And if there wasn't insurance, impose an $1,100 paperwork violation fee. Impose $4,000 if their commercial driver doesn't have the registration. But this $25,000 fine that was implemented in the face of the NAFTA, North American Free Trade Agreement, was designed to punish, in the brief, Mexican carriers that send a truck without no registration. And the definition of registration is set forth, 49 U.S. Code 13902. That is what is registration, paying the fee. They had a DOT number. They had an MC number. But for a period of time, for less than 30 days, the Department of Transportation did not extend authority because the insurance certificate did not include it. Okay. I think we understand that issue. I don't want the time to run out because I do have the same concern that my colleagues do about the 30-day appeal to us. Do we have jurisdiction to hear this? Let's talk about that briefly. Most every court decision before this court that I have seen has been an appeal from a trial, has been an appeal from where a judge said, this is the judgment. This case never had such a form. It never even had an oral hearing before the Department of Transportation. There was a document mailed from the East Coast on June 24th. It was apparently made June 23rd. It was mailed June 24th. And in my reply brief, I had a series, a few regulations and case law in point. It deals when notice, you have 30 days from notice. That is the notice, isn't it? That is the final agency action on which you can then file a petition for review in the United States Court of Appeal. Well, there's no clarification. What if the judge, what if the hearing officer comes to a decision on June 20th, but drops it in the mail June 27th? It was arbitrarily dropped in the mail the 27th. Let's say it one step at a time. Oh, sure. Is that letter, dated June 23rd, mailed June 24th, from the agency on the East Coast the final agency action signed by the Assistant Administrator for the Motor Carrier Safety Administration announcing the final result of the agency's review of this matter? The proof of service shows the 24th, and I have no basis to. Yes or no. So yes, you're right. Okay. Then the question is, if that's the final agency decision akin to a judgment of the time period, to timely file a petition to the Court of Appeals, does it not? Not because the Code of Federal Regulations is clear that when there's any deadline to act, it's extended five days by mail. That's not my question. My question is, once the agency issues its final order, then the next thing that has to happen in order to get to us is for you to file a petition for the Court of Appeals, correct? Yes. Okay. So what we're really concerned about is, do you get to, in essence, reach into an agency regulation that purports to govern time deadlines when you're litigating in front of the agency, and then graft an agency regulation on a statutory deadline of 30 days to timely file your petition with us? Isn't that what this case turns on? Or have I missed something? Maybe I was just expecting more argument on the other issue. Well, we have to satisfy ourselves that we have the power to grant you relief. I understand. And again, the petitioner relies on 49 CFR 386.8 subpart 3. Also, the Federal Rules of Appellate Procedure, the Federal Rules of Civil Procedure all allow extension of time when it's by mail. With respect, counsel, I would have thought you would be arguing more about the Arbo, Bowles, Henderson Supreme Court cases and the evolving jurisprudence about whether the Hobbs Act and other related actions were treated as jurisdictional or not. Isn't that really the issue we're talking about here? We have jurisdiction. Yes. If the regulation is unambiguous, you're out of luck. If it is ambiguous and the burden is on you to show that it is, then you may have a way to use the mail rule, in effect, which would give you relief. But the burden is on you, and I'm hoping you can help us with that before we can even get to the merits. As that arose in the opposition, the reply does identify Bowles v. Russell and the 49 U.S. Code 521B9, 30-day. However, in Bowles v. Russell, that was from when a litigant was present in court when a decision was made. That was not With respect, counsel, we're talking here about federal administrative law. The cases have got to deal with analogous federal administrative law, don't they? I mean, you're talking about just run-of-the-mill court cases, and that's not what we're talking about here, is it? That's what the Bowles v. Russell case was, and additionally, there are different Is there any case that is directly on point, in your opinion? In other words, what is your best case for the argument that we have jurisdiction in this case? The Code of Federal Regulations No, no, no. What case? What's your best case that we have jurisdiction in? In Irwin v. Department of Veterans Affairs, which was in the reply, a 1990 Supreme Court decision dealing with a right-to-sue letter. It's deemed when it's delivered. Further clarification, this was an EEOC case, but still, it had to do with when the decision was received, and we know that first-class mail does not have some technology to know the exact date of receipt, but with the plethora of regulation, interpretation, and with this case, 30 days begins from when the decision was received. What's the language in there? Well, the statute doesn't say that. That's what we're wrestling with. I'm looking at 49 U.S.C. section 521, I think it's B-9. Any aggrieved person who, after a hearing, is adversely affected by a final order issued under this section may, comma, within 30 days, comma, petition for review of the order in the United States Court of Appeals. And if I understand your position, even though that says within 30 days, you want us to read it within 35 days by engrafting on the statute an agency regulation that applies to agency deadlines when you're litigating in front of the agency, and extends by, I'll call it a deadline, there's a mailing. Have I got your argument right? Yes. With further clarification, that's simply because the assistant administrator makes an order on one day. There's no law that requires them to drop it in the mail that day, and in this case, it was dropped in a day later. And I don't know where there's any authority to say, well... But that day doesn't make a difference on our facts, does it? It would make a difference on... If we don't agree with you that the five-day regulatory mailbox rule applies, and that it really means 30 days, you were still out of time, were you not? Since it was mailed one day, since it was mailed one day, then that is correct. Right. And how do you distinguish the cases that deal with the 30-day limit, or in the case of that statute, the 60-day limit of the Hobbs Act petition for review deadline? Well... How do you distinguish those cases which say they're jurisdictional? Again, there's... Petitions for review deal with many different categories of agency. And in this case, we're dealing with the Department of Transportation. I believe that this Ninth Circuit deals more with other significant bureaus of the government besides the Department of Transportation, which means, unfortunately, we have less... We just heard an immigration case argued before yours. Yes. There is a 30-day limit, which we have interpreted to be mandatory and jurisdictional, and it doesn't recognize a mailbox rule. You've got to file your petition for review of an adverse decision by the Board of Immigration Appeals within 30 days of the issuance of the board's decision. Again, the same board that decides these cases pursuant to 49 CFR 368 sections, and within that 368 section, it does define time as being five days. And I would ask that the court consider that five-day time under the same rule that gives the assistant administrator and the hearing officer's jurisdiction to listen to any dispute, that that five days should extend to the litigants and the parties. So your point would be that if that five-day extension applies, it is consistent with finding the 30-day limit jurisdictional. Is that what you're saying? As well, yes. Which means that we couldn't look to the three-day mail extension provisions of FRAP 26 or Federal Rule of Civil Procedure 6. Those are three days, but in this context, with this Department of Transportation, it is five days. I understand that, but you're not answering my question. If determining that this is jurisdictional is consistent with adding the five days, and you just told me it was, does that mean that we could not also consider adding or could not consider any role of the Federal Rules of Civil Procedure or Appellate Procedure that would extend the time to act if there is a mailing, because those wouldn't affect a jurisdictional time period? The reason why I would not go that far is because issues before this Ninth Circuit, such as the timeliness of briefs and motions before this Ninth Circuit, are fully determined and calculated by the Federal Rules of Appellate Procedure. It's not as though Title 49 CFR can't modify jurisdictional periods by tacking those on. It would have been different, so that's why. Okay. I think we have your position. Let's hear from the government. Good morning, Your Honors. I'm Jonathan Levy with the United States Department of Justice, representing the Federal Motor Carrier Safety Administration in this matter. If I may begin by answering a question that you asked to my opponent of what the best case is with respect to jurisdiction in this matter. I think there are several, but I think this is the most important one, and it does arise from the immigration context. But it is closely on point here, because it does involve a statutory time period to bring to a Federal Court, a Federal Appellate Court, a challenge to an administrative action. And the Supreme Court said that that time period was jurisdictional and mandatory in our views. Let me ask you this, Counsel. Looking at 49 CFR 386.89, what does that mean? Well, B, which of course is your regulation, and it's called computation of time. B says date of entry of orders. In computing any period of time involving the date of the entry of an order, the date of entry is the date the order is served. And then you go down to C3. It says whenever a party has a right or a duty to act or to make any response within a prescribed period after service by mail or on a date certain after service by mail, five days will be added to the prescribed period. If you look at the first section, the B section, doesn't that suggest that, in fact, the 30-day period is going to run from the date that the order, the date of entry is the date the order is served? Yes. It does? Yes. So under those circumstances, does that have any bearing in your mind on whether or not this is jurisdictional? No. Because they did file, did they not, within, if you add five days, they did do that timely, right? Yes. The question of whether this is jurisdictional or not is a statutory question, not a regulatory question. I understand that. But for purposes of the agency construing its own authority, its own regulations, and I don't think this has been challenged, but this seems to suggest that they have met this standard, does it not? No, it doesn't, Your Honor. Tell me why. And the reason is that the entire section of these rules, which is, if you go back to the beginning, 386.1A, it says, the rules in this part govern proceedings before the administrative, excuse me, assistant administrator. That limits the scope of the rules in their entirety. And this was not, the proceeding involved here was not before an assistant administrator? Well, the proceeding was before the assistant administrator, but the question is the timeliness of the appeal to this court. The question is I understand that, but the reality is ours is tied to yours. Yes. And so I'm saying if this was before an assistant administrator, which you seem to concede, and this tacks on an additional five days, then the predicate for establishing when the appeal has to be made to our court runs from the date that it's served plus the five days, right? It does run from the date that it's served. It does not have the five days. And the reason, again, I apologize if I'm being unclear, but the extra five days is for when the rules for governing proceedings in front of the administrator. Well, but if our jurisdiction is tied back to an action by your agency, don't we have to be governed by the same rules that you set for your own timeliness? Well, I think there are two different rules here. One is the question of when did the agency issue its decision under its own rules. And I don't think there's any controversy about that. It's when it served it. That was on the day after it was signed, on the 24th. Well, I'm not sure that's right, but go ahead. Okay. If you're not sure that that is correct, I would point you also Do you have anything that indicates what the word issuance of the order means other than the dictionary? What the word issuance in the regulations or the statute? The statute says within 30 days of the issuance of the order. Yes. Do you have any regulation that defines those words? Yes. Not quite expressly, but the answer is yes. The regulation is 386.67. And what does that say? And that says any party to the underlying proceeding who, after an administrative adjudication, is adversely affected by a final agency order issued under 49 U.S. Code 521, may be subject to a final agency order issued under 49 U.S. Code 521, may, comma, within 30 days of service of the final agency order, comma, petition for review of the order in the United States Court of Appeals. Well, I'll get you right back to where we started from, because service in this case includes the five days, does it not? No, Your Honor. Why? How do you ignore the C-3, then, which says that it does? What is service? Is service mailing? And that is, again, uncontested, and it's in the regulations. It equals the act of mailing? The act of mailing. The date of mailing. Yes. The date of service is the date of mailing. Well, let me ask you this. For your purposes, and calculating any appeal that might have occurred within your department or your agency, is it not clear that were service occurred by mail that the five-day period would be added on to the date? If you put it in the mail, you've got five additional days. Yes. No question with your agency, right? That's correct. And let me try to say this again. The 30, there are two questions. One is when it was served, and the question is how much time after that date. So the question is when it was served. It was served on the 24th when it was mailed out. I think that that's uncontroverted. Now when it comes to the time period, that's different from the date of service. So now the question is, do they have 30 days after the date of service or 35 days? In other words, the five days doesn't change the date of service. It changes the amount of time that you have in which to perform a certain function. All service does is it starts the clock, right? That's correct. And the question is, once you started the clock, how long is the clock? Is it a 30-day clock or is it a 35-day clock? Well, again, at the very least, there's an ambiguity there, is there not? Because on the one hand, you can take the position that the 30-day clock starts on the 24th. On the other hand, if you look at C3, which is a reasonable interpretation, you could say that for your purposes in your agency that it doesn't start, in this case, till the 29th because you got five additional days to be served. To be fair, I don't think that's a legitimate rule. No, I think it's legitimate or you just don't agree with it? I disagree with it. I wouldn't call it legitimate. I don't think it is the correct reading. Because it doesn't apply once you're outside of the agency proceeding? Well, that's one reason. But the other reason is the five days doesn't delay the service and it doesn't delay the date of issuance. It just adds five more days after that date. In other words, when a party has a right or duty to act or make response within the prescribed period after service by mail, five days will be added to the prescribed period. Five days aren't added to the service date. Five days are added to the prescribed period. But this says that the date of entry is the date the order is served. Yes. Okay. So in this case, whenever a party, blah, blah, blah, has to make a response within a prescribed period after service by mail or on a date certain after service by mail, five days will be added to the prescribed period. So in this case, I'm just asking whether it's an ambiguity here, is not then the date the order is entered, i.e., the date it is served, is five days later. So you're saying it was on the 24th. I'm saying that based on this, it would be the 29th. I just don't read it that way. I get that. Okay. And I don't think it's ambiguous. Okay. Well, I guess the question is, the difference between what you're saying and what Judge Smith is saying is that there is no ambiguity as to when service occurs, when the 30 days starts to run, what triggers it. There is a disagreement, perhaps an ambiguity, as to whether it is, in essence, a 35-day period for mailed orders or a 30-day period plus five days. I agree with that characterization, and we do not view it as a 35-day period because the 30-day period is set by statute and has to do with judicial power. The 35-day period is set by regulation, does not purport to alter the statute, and has to do with administrative. And again, there's no question the statute controls. The problem here is your regulation says that the date of entry is the date it was served. Entry and issuance, in my mind, are synonymous. So if they are indeed synonymous, and then the order was issued on the date it was served, your regulation says that it's served five days later. So at the very least, there's an argument. I think you, of course, would think it's an absurd argument, but it's an argument that there is an ambiguity. And if there's an ambiguity, then perhaps the jurisdictional issue is a little different. But you also have the issue of the Hobbs cases. You have the issues of the Social Security cases. And as you know, some of the regulations have been construed to be jurisdictional. Some have not been construed. It's a big mess, frankly. What's your take on the effect, if any, of the Arbo, Bowles, and Henderson cases on the stream of consciousness of our Supreme Court? Well, this is, as Your Honor points out, a very difficult area. So I'd like to sort of talk about the particular factors here which we think weigh in favor of finding this provision jurisdictional. The first is the language, and particularly the context of the particular statute at issue, Section 521B9. This is not a statutory scheme where there is a jurisdictional granting statute and a separate time limit. It's not even like, as in the most recent Supreme Court case, I believe, where there are jurisdictional and time limits that are sort of next to each other. It's in the very same breath. The only basis for this Court's sentence that says that it has to be filed within 30 days, that speaks to the time limit being jurisdictional. Second, this is not an internal administrative time limit, as many of the cases address that say time limits are not jurisdictional. This is the time … How can that be, in light of our earlier conversation and your own regulation as to when the order is entered, equating that with service? I'm not sure I follow your question. Sorry. Okay. You're saying that some of these cases deal with internal regulations and timing, and I'm saying that's exactly what your regulation does. The question of issuance, yes. But the question I'm trying to address is whether the deadline, whatever the Court determines the deadline to be, is jurisdictional or not. Oh, well, we may not even have to get there. You may not. Because the reality is the statute says 30 days. Yes. I don't think any of us here is going to question that. That's what Congress has said. The question is, what does issuance of the order mean? And in light of your regulations, if you equate entry of the order with issuance, then you have to add five additional days, which would mean that for purposes of this case, the order was issued on the 29th. No. And they were timely, right? No. I know you don't agree with that. Well, I honestly don't see how you can get that out of the language of the regulation. So I'm going to take a run at this one more time, if I may, respectfully, Your Honor. What the regulation says about the five days, so this is the last sentence, is that five days will be added to the prescribed period. Not that five days will be added to the issuance date, the entry date, or the service date. Any of those three. But that five days will be added to the prescribed period, which has to be a reference to the earlier sentence that says, whenever a party has a right or a duty to act or make response within a prescribed period after service. So that prescribed period is the statutory, assuming this applied, which we think it does. I understand. It's within your own agency. I get that. Okay. You're not changing the statute. The bottom line, though, is where the legislation, the statute, does not define the term, the issuance of order, then we get into, arguably, although Justice Scalia may disagree, with a Chevron type of situation. We look at your regulations. How do you interpret when a document is issued? And then you call it date of entry, and that's where I have this. I think, again, I would reference you to a more specific part of the regulations, which is 386-67, which says that the specific 30-day period that we are talking about begins when the final order is served. Yeah. I don't think anybody questions that. And there is no regulation that changes the date of service from the date of mailing. The date of service is the date of mailing. It is not five days later under any circumstances. Well, that's what your, what C-3 says on this. No, it doesn't. It says you have an extra five days after that date to do whatever it is you need to do. It doesn't say that the date, that that date is extended by five days, and those are different things, respectfully, Your Honor. There are different things. It talks about the prescribed, extending the prescribed period by five days. In other words, the question is, is it a 30-day or a 35-day period from the date of service? But the reality, I understand, I get your point as far as the way the language reads. But on the other hand, for all practical purposes within your department, within your agency, a person doesn't have to respond until the extra five days have passed, right? Yes. But five days is not always the same. A rose by any other name smells as sweet, right? This is not an administrative proceeding. Perhaps not for as long. That is an appropriate phrase in our current location. I'll throw you a curveball because Mr. Dandino didn't raise this issue, but I'm troubled by it. Section 521B says that the fine shall not exceed $10,000. How does the agency get authority to impose a $25,000 fine? The applicable statutory provision, which I will endeavor to find here, actually sets a minimum of $25,000. So he got off easy? As easy as he could. But if the statute says $10,000, how can the agency then increase it to $25,000? No, the- It's the statute says $25,000, right? The statute says- The statute was enacted after this regulation. That may be. But the statute contains a minimum of $25,000. What's the reference on the statute? Let me find that for you, Your Honor. One moment, please. You'll be able to play this back and sleep well tonight. The statutory provision is 49 U.S. Code Section 13901D3. Which was enacted after 521? I believe that, yes, that is correct. 521, I believe, was enacted in the late 1980s. And so it was just a congressional oversight that they didn't- Yes, there was an enactment where Congress was concerned about specific violations and wanted specific fines and- And this was the Mexican trucker issue, right? It wasn't just Mexican, but South American issues generally. The NAFTA. The NAFTA. The statute addressed NAFTA and other issues, but there's no question that the statutory provision at issue here refers to persons and is not limited in any way to- And persons are corporations in almost any context these days, right? Well, certainly in this context. There is a statutory provision also that defines what a person is, and there's no question that- Do they have First Amendment rights? That's another question. I have no idea. All right, I'm going to stop throwing. I believe I'm far over my time, but I'm happy to answer any further questions. I think we've exhausted this issue. Thank you, Your Honor. Not administratively, but just ourselves. Not administratively, but we've tired the judge. Counsel, I'll give you a minute or two in rebuttal. Well, I agree with the argument submitted concerning the five-day extension. Like Judge Smith's argument? Is that what you're saying? Very much so. Okay, good. I can't practice law anymore. Sorry. And again, I know that many hearings are oral and many parties know the outcome of a proceeding on the spot. This was something that, as the record shows, never went to hearing before the Department of Transportation. It was all done on the papers. The few papers, yes, and discounting the evidence of the correspondence from the insurance that was submitted with the response to the notice of claim in 2010. Of course, lots of stuff that happens in district courts happens on the papers. People aren't there. And also, the whole concept of this proceeding going straight to the Ninth Circuit, not going to the district court, is unusual, I think, in many. But that doesn't affect whether you do it on 30 days or 31 days, does it? I don't know that the rules would be different on some of the district court versus rules of appellate procedure, but this was just everything. The reason that we are here instead of the district court is because of the Code of Federal Regulations concerning the- Well, you're here because that's where Congress sent you. But let me just ask you about Congress here. One thing that might help you is under the Arbaugh case, Supreme Court says that we look to see if there is any clear indication that Congress wanted a rule to be jurisdictional. Is there anything in the statute governing this particular proceeding that gives you an indication that Congress clearly intended the rule to be jurisdictional as opposed to just a quintessential claim processing rule? Congress was never clear how the assistant administrator makes a ruling. And by the assistant administrator, selecting to use mail as opposed to- Okay, you're not answering my question. No, I do not know. Your answer is that Congress was never clear about anything. Is that what you're saying? Not concerning the Department of Transportation's hearings on carrier- But does it make a difference- Go ahead. Does it make a difference whether we're talking about an agency enforcement proceeding versus a claim for benefits by an individual against the agency? Well, here where the only guidance is the Code of Federal Regulations on the five days and there is no contrary statute, then I submit it is, then Congress has left it open to be interpreted by the agency- Is the agency understood it that way? Has what? At least the agency understood it that way when it enacted this regulation which added the five days. That's the position of the petitioner, yes. Okay, I think we have the argument well in hand. Thank you both. We'll puzzle our way through it and get you an answer as soon as we can. The case just argued is submitted for decision.
judges: Rosenthal, Tallman, Smith